

**NISAR LAW GROUP, P.C.**
Employment Attorneys
570 Lexington Avenue, 16th floor
New York, NY 10022

**Casey Wolnowski**, *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Direct: (646) 449-7210
Fax: (877) 720-0514

February 20, 2020

<u>*Via ECF*</u>
Hon. Jesse M. Furman, U.S.D.J.
U.S. District Court (S.D.N.Y.)
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    ***Villanueva v. FFO Group, LLC, et al.***
               **Case No.: 19-cv-10307 (JMF)**

Your Honor:

    This letter is being filed on behalf of all parties with respect to the above-captioned matter in accordance with the Court's order entered November 8, 2019, which directed the parties to provide the Court with certain information prior to the initial conference scheduled for February 27, 2020. (ECF #5.)

(1)    A brief statement of the nature of the action and the principal defenses thereto:

    ***Plaintiff's portion:***

    Plaintiff brings this action under 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL"), alleging that he suffered discrimination (unlawful hostile work environment) on the basis of his race (Asian) as well as his association with a black person. He also alleges that he suffered a constructive discharge, and thereafter retaliation for complaining of said discrimination. Plaintiff also complains pursuant to the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for Defendants' alleged failure and refusal to pay him earned wages and for reimbursement of out-of-pocket business expenses.

    ***Defendants' portion:***

    Defendants dispute all of the claims asserted by Plaintiff, which fails to state a claim upon which relief can be granted, and are unsupported by the facts alleged. Among other grounds, Plaintiff fail to sufficiently allege conduct pervasive or severe enough to constitute hostile work environment, nor does Plaintiff have standing to sue based on the isolated comments allegedly directed to a third-party. Defendants anticipate filing a motion to dismiss on these grounds.

Hon. Jesse M. Furman
Page **2** of **4**

(2)     A brief explanation of why jurisdiction and venue lie in this Court:

*Plaintiff's portion:*

Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343, as well as 29 U.S.C. § 216 (b).

*Defendants' portion:*

Defendants do not dispute jurisdiction or venue at this time.

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates:

*Plaintiff's portion:*

The only deadline which presently exists is for Defendants to file an answer or otherwise respond to the filed amended complaint no later than March 3, 2020.

*Defendants' portion:*

As stated above, the only deadline which presently exists is for Defendants to file an answer or otherwise respond to the filed amended complaint no later than March 3, 2020. With Plaintiffs' consent, Defendants request an extension of time to answer the Complaint to March 26, 2020 to accommodate the parties' ongoing effort to resolve the matter without judicial intervention.

(4)     A brief description of any outstanding motions.

*Plaintiff's portion:*

Presently, there are no outstanding motions.

*Defendants' portion:*

Presently, there are no outstanding motions. Defendants anticipate filing a motion to dismiss under Federal Rule of Civil Procedure 12.

(5)     A brief description of any discovery that has already taken place, including discovery pursuant to the Initial Discovery Protocols, and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

*Plaintiff's portion:*

The parties exchanged documents relevant to the claims and defenses including electronic correspondence (text messages, emails).

*Defendants' portion:*

The parties have exchanged some documents related to the claims and defenses, which have helped the parties to engage in meaningful negotiations. Defendant believes that additional documents regarding any diary or journal entries maintained by plaintiff concerning the factual allegations, his current resume, documents concerning claims for unemployment benefits,

documents concerning communications with potential employers, job search efforts, and offers of employment, and any other documents upon which plaintiff relies to support his claims would be helpful too.

(6)  A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.

*Plaintiff's portion:*

The parties have been engaging in meaningful settlement discussions since November 2019.  Counsel have spoken on the telephone on the following dates regarding settlement: November 21, 2019, December 2, 2019, December 5, 2019, December 27, 2019, January 5, 2020, January 10, 2020, January 29, 2020, January 31, 2020, February 5, 2020, February 7, 2020, February 12, 2020, February 18, 2020, and February 19, 2020.  These conversations typically last approximately 15 minutes.

*Defendants' portion:*

Defendants agree to the dates set forth above by Plaintiff, and believe that the approximate duration of discussions have been about 15 minutes each.

(7)  A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.

*Plaintiff's portion:*

The parties have discussed the use of alternate dispute resolution mechanisms.  Plaintiff's counsel believes the use of settlement conference before a Magistrate Judge or to participate in the District's Mediation Program could be useful in reaching resolution.

*Defendants' portion:*

Defendant's counsel is amenable to Plaintiff's proposal and believes a settlement conference before a Magistrate Judge or the District Mediation Program in the next 60 days may be useful to reaching a resolution.

(8)  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

*Plaintiff's portion:*

None.

*Defendants' portion:*

As noted above, Defendants believe that there are at least two novel and dispositive

Hon. Jesse M. Furman
Page **4** of **4**

issues raised here:

 *First*, Plaintiff has failed to sufficiently allege conduct pervasive or severe enough to sustain his claims for hostile work environment and discrimination, given that the Plaintiff's claims arise out of three isolated incidents in March, June, and July 2019, none of which are connected, severe, or specifically directed to Plaintiff.

 *Second,* Plaintiff has failed to allege how he has prudential standing to sue based on conduct allegedly directed to his girlfriend, who suffered no adverse employment action, and especially when Plaintiff is not a member of that third-party's protected class.

          Respectfully submitted,

**NISAR LAW GROUP, P.C.**

By: _____
 Casimir Wolnowski, Esq.
 *Attorneys for Plaintiff*
 570 Lexington Ave., 16th Floor
 New York, NY 10022
 Ph: (646) 449-7210
 Fax: (877) 720-0514
 Email: cwolnowski@nisarlaw.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ Alexander P. Wentworth-Ping
 Alexander P. Wentworth-Ping
 *Attorneys for Defendants*
 51 Madison Avenue, 22nd Floor
 New York, NY  10010
 Direct Tel: (212) 849-7584
 Direct Fax: (212) 849-7100
 Email:
 alexwentworthping@quinnemanuel.com